Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 CV 52 (05 CR 340-1) | **DATE** | September 6, 2012 |
| **CASE TITLE** | | *Frank Custable v. United States* | |

**DOCKET ENTRY TEXT**

Movant Frank Custable's motion to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255 is denied. Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, the court declines to issue a certificate of appealability because Mr. Custable has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). The clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket.

■ [ For further details see text below.]

Docketing to mail notices.

00:00

# STATEMENT

Movant Frank Custable is serving a 262-month sentence after pleading guilty to a total of 20 counts, consisting of 15 counts of wire fraud, *see* 18 U.S.C. § 1343, 2 counts of securities fraud, *see* 15 U.S.C. § 77x, 2 counts of obstruction of justice, *see* 18 U.S.C. §§ 1503(a) and 1505, and 1 count of criminal contempt of court, *see* 18 U.S.C. § 401(3). His offenses involved fraudulently obtaining restricted stock in failing companies, concealing from the SEC that he had done so, and then disseminating false information in order to create a market for the fraudulently-procured shares. Mr. Custable appealed arguing that his sentence was unreasonable, but the Seventh Circuit affirmed.

Before the court is Mr. Custable's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence. In it, he identifies two grounds upon which he seeks relief: (1) his guilty plea was not knowing and voluntary because he was not accurately informed of the maximum sentence he faced, and he now wishes to withdraw his guilty plea; and (2) he received ineffective assistance of counsel both in the district court when his counsel failed to advise him of the maximum sentence he faced, and on appeal when counsel failed to raise any issue about being informed of his maximum sentence. The court considers each ground in turn.

## I. Knowing and Voluntary Guilty Plea

Mr. Custable contends that his guilty plea was not knowing and voluntary, and therefore the court should allow him to withdraw his guilty plea, and should vacate his conviction and sentence. To succeed in his quest to withdraw his guilty plea, Mr. Custable bears the burden to "show a fair and just reason for requesting the withdrawal." *See* Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. Mays*, 593 F.3d 603, 607 (7th Cir.2010) ("When a proper Rule 11 colloquy has taken place, a guilty plea enjoys a presumption of verity and

## STATEMENT

... [a] defendant's burden of showing the existence of a fair and just reason is heavy in such circumstances.").

Mr. Custable attempts to satisfy his burden by arguing that the court erred when it informed him of the maximum sentence he faced, and had he known the actual maximum, he would never have pled guilty. Federal Rule of Criminal Procedure 11 requires that before accepting a plea of guilty, the court must inform the defendant of "any maximum possible penalty, including imprisonment, fine, and term of supervised release." Fed. R. Crim. P. 11(b)(1)(H). At Mr. Custable's change of plea hearing, the court informed Mr. Custable that "the maximum penalty for each count to which you're pleading guilty is five years imprisonment . . . . I want you to understand that the total possibility penalties are, therefore, 100 years imprisonment . . ." Transcript of Change of Plea Hearing at 16:17 – 17:3. Mr. Custable acknowledged at the hearing that he understood the penalties he faced. *Id.* at 17:14.

As Mr. Custable points out, he did not face a maximum of five years' imprisonment on each of the 20 counts to which he pled guilty. In fact, on the 2 obstruction of justice counts he faced a statutory maximum penalty of 10 years each. *See* 18 U.S.C. § 1503(a). He also contends that 18 U.S.C. § 401(3) provides for a maximum sentence of life imprisonment on the 1 count of criminal contempt of court to which he pled guilty, although other courts have rejected such an interpretation of § 401(3).[1] Mr. Custable contends that, had the court correctly informed him that he faced 10 years each on 2 of the counts against him, and life on a third, he would not have pled guilty.

Under Rule 11, the failure to properly inform a defendant about the maximum sentence he faces is "harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h). Literal compliance with Rule 11 is not required, and instead courts are to look at "the totality of the circumstances surrounding the plea" in determining whether the defendant was prejudiced by the failure to fully advise him of the consequences he faced before he pled guilty. *United States v. Fox*, 941 F.2d 480, 484-85 (7th Cir. 1991) (internal quotation marks and citation omitted).

Although Mr. Custable was not properly informed of the maximum sentence he faced, the error was harmless because it did not affect his substantial rights. As noted above, Mr. Custable made the decision to plead guilty while under the impression that he faced a sentence as large as 100 years' imprisonment. For example, in his plea declaration Mr. Custable acknowledged that he faced up to 100 years' imprisonment for his offense plus 3 years' supervised release:

> The defendant understands that each count to which he will plead guilty carries a maximum penalty of five years imprisonment and a maximum fine of $250,000 or a maximum fine totaling twice the defendant's gross gain from this fraud scheme or the gross loss caused by the fraud scheme, whichever is greater, and any restitution that the Court may require. The total possible penalty is therefore 100 years imprisonment, and a maximum fine of $5,000,000 or four times the gain or loss caused by the offense. Defendant understands that these counts also carry a term of supervised release of at least two but not more than three years, which the court may specify.

Plea Declaration [Docket # 222-1 in Case No. 05 CR 340] ¶ 11.

The statements in his plea declaration were consistent with his statements during his plea colloquy. Specifically, when the court went over the maximum sentence he faced as expressed in his plea declaration, Mr. Custable repeatedly acknowledged that he understood he could face a sentence of as much as 100 years' imprisonment followed by 3 years' supervised release:

## STATEMENT

| | |
|---|---|
| THE COURT: | All right. You understand, Mr. Custable, that the maximum penalty for each count to which you're pleading guilty is five years imprisonment, a maximum fine of $250,000 or a maximum fine totalling twice your gross gain from this scheme or the gross loss caused by this scheme, whichever is greater, and any restitution ordered by the Court. Do you understand that, sir? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | It's set forth in your declaration, and I want you to understand that the total possible penalties are, therefore, 100 years imprisonment, a maximum fine of $5,250,000 or four times the—is that where the change is? |
| MR. STEINBACK: | That's where we changed it. |
| THE COURT: | That was changed, okay. |
| MR. STEINBACK: | It becomes $5 million, Your Honor. |
| THE COURT: | Okay. Let me just look at the signed copy. |
| (Brief pause.) | |
| THE COURT: | Right. Okay. The total possible penalty is as I indicated, $100 [sic] years imprisonment and a maximum fine of $5 million or four times the gain or loss caused by the offense. Do you understand that, sir? |
| THE DEFENDANT: | Yes, Your Honor. |

Transcript of July 11, 2008, Sentencing Hearing at 16:17—17:14.

Given that he made the decision to plead guilty while under the impression that he faced as much as 100 years' imprisonment plus 3 years' supervised release, Mr. Custable cannot now show that his substantial rights were affected when he received a sentence substantially lower than the maximum sentence he thought he faced. Specifically, failing to properly advise a defendant of the maximum sentence he faces does not affect that defendant's substantial rights if he receives a sentence below the maximum he thought he faced. *See United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002) (any error under Rule 11(b)(1)(H) is harmless if the defendant's combined term of imprisonment and supervised release falls below the maximum potential term of imprisonment discussed at the plea colloquy). As applied to Mr. Custable, he was advised that he faced a maximum sentence of 100 years' imprisonment followed by 3 years' supervised release. Therefore, the fact that he received a sentence substantially below that maximum—262 months' imprisonment (almost 22 years) followed by 3 years' supervised released—renders harmless the error of failing to properly advise him of the maximum sentence (either 110 years' imprisonment plus 3 years' supervised release or, under Mr. Custable's current theory, life). *Id.*

Accordingly, Mr. Custable has failed to satisfy his burden of demonstrating that he is entitled to withdraw his guilty plea, and thus his motion to vacate his conviction and sentence based on his contention that his guilty

# STATEMENT

plea was not knowing and voluntary is denied.

## II.     Ineffective Assistance of Counsel

Next, Mr. Custable argues that the court should set aside his conviction and sentence because he received ineffective assistance of counsel both before this court and on appeal.  Specifically, he contends that his counsel was ineffective in the following ways:  (1) counsel told him that he could be sentenced to no more than 10 years' imprisonment under the Sentencing Guidelines; (2) counsel did not accurately inform him of the statutory maximum he faced before he pled guilty; and (3) on appeal, counsel did not raise the issue of the failure to inform him of his statutory maximum before he pled guilty.

In order to establish ineffective assistance of counsel in a motion brought under § 2255, Mr. Custable must show both that (1) his attorney's performance fell below an objective standard of reasonableness, and (2) the allegedly deficient performance so prejudiced his defense that it denied him a fair trial.  *See Strickland v. Washington*, 466 U.S. 668, 690-91 (1984); *Bethel v. United States*, 458 F.3d 711, 714-15 (7th Cir. 2006).  To show prejudice, Mr. Custable bears the burden of establishing that but for counsel's deficient performance, there was a reasonable probability that the outcome of the proceeding would have been more favorable.  *See Freeman v. Chandler*, 645 F.3d 863, 869 (7th Cir. 2011).

The court will first address Mr. Custable's contention that his attorney advised him that under the Sentencing Guidelines he could be sentenced to no more than 10 years' imprisonment.  Mr. Custable's assertion, made for the first time in an affidavit submitted in support of his § 2255 motion, is at odds with his sworn statements during his plea hearing.  Specifically, at his plea hearing, Mr. Custable stated under oath that he understood that he faced a sentence much higher than 10 years—in fact, he stated that he understood he could be imprisoned for as much as 100 years.  Transcript of Change of Plea Hearing at 17:10-14.  He also stated under oath that no one had made him any promises that caused him to plead guilty:

| THE COURT: | . . . Have there been any agreements or promises made to you by anyone to cause you to plead guilty? |
|---|---|
| THE DEFENDANT: | No, Your Honor. |
| THE COURT: | Has anybody made any promises to you or made any threats or coercion, the United States Attorney's office or anybody else, to induce you to plead guilty? |
| THE DEFENDANT: | No, Your Honor. |

Transcript of Change of Plea Hearing at 15-16.

The time to call attention to counsel's purported promise that Mr. Custable would be sentenced to no more than 10 years' imprisonment was at the change of plea hearing, not years later in a motion under § 2255.  *See United States v. Stewart*, 198 F.3d 984, 986 (7th Cir. 1999) ("[the defendant] has already had one opportunity to state, under oath and in the presence of the district judge, whether his attorney gave such defective advice. That opportunity was the plea hearing, and [the defendant] swore that no such advice had been given.").  The court credited Mr. Custable's statements during the plea hearing that he understood he faced up to 100 years' imprisonment for his offenses, and the court is entitled to again credit those statements over the contrary assertions in his affidavit.  *Id.* at 987 ("Entry of a plea is not some empty ceremony, and statements made to a

# STATEMENT

federal judge in open court are not trifles that defendants may elect to disregard. A defendant has no legal entitlement to benefit by contradicting himself under oath. Thus when the judge credits the defendant's statements in open court, the game is over."). Because the court continues to credit Mr. Custable's statements at his plea hearing, he has identified no basis for finding that his attorney was ineffective regarding any promise that he would be sentenced to no more than 10 years' imprisonment.

As for Mr. Custable's ineffective assistance argument regarding the statutory maximum sentence he faced, the argument falters on the prejudice element. When a defendant's combined term of imprisonment and supervised release falls below the maximum sentence discussed during his plea hearing, he is not prejudiced by any mistake on the part of his counsel as to the correct maximum sentence. *See McLeese v. United States*, 75 F.3d 1174, 1180 (7th Cir. 1996).

Mr. Custable attempts to distinguish *McLeese* by arguing that it involved an error regarding a mandatory minimum sentence. While true, *McLeese* also involved an error regarding the maximum sentence to which the defendant was subject and, therefore, is pertinent. *See id.* at 1181 ("McCleese was informed in the plea agreement that the statutory maximum under count one was life in prison, which is far in excess of his sentence of 235 months plus four years of supervised release. Consequently, the trial court's incorrect statement that McCleese would not be subject to a term of supervised release is harmless error, and McCleese was not prejudiced by his appellate counsel's failure to raise these claims on direct appeal.").

Mr. Custable's situation is markedly different than the situation presented in the case he cites in support of his position, *Julian v. Bartley*, 495 F.3d 487 (7th Cir. 2007). In *Julian*, a defendant rejected a plea agreement under which he would have served a 23-year sentence based on his attorney's statement that if he proceeded to trial, he faced a maximum statutory sentence of 30 years. *Id.* at 489. In fact, the defendant faced a 60-year maximum and, after jurors found him guilty, received a 40-year sentence. *Id.* at 490. The Seventh Circuit held that the defendant had been prejudiced by his attorney's misinformation about the maximum sentence he faced if he proceeded to trial. *Id.* at 498-99. *Julian* provides no support for Mr. Custable's position because it involved a defendant who received a sentence in excess of the statutory maximum sentence to which he believed he was subjected, as opposed to Mr. Custable who received a sentence well below his stated statutory maximum.

Mr. Custable also argues that his appellate counsel was ineffective for not raising any issue about the failure to accurately inform him of his maximum sentence. The same two-prong test set forth in *Strickland* applies to claims involving the effectiveness of appellate counsel. *See Woods v. United States*, Case No. 09 CV 4925, 2009 WL 3787904, at *6 (N.D. Ill. Nov. 12, 2009). However, it "is well-established that appellate attorneys do not have to present losing arguments to provide constitutionally effective assistance of counsel." *Id.* at *7 (citing *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001) ("[a]ppellate lawyers are clearly not incompetent when they refuse to follow a 'kitchen sink' approach to the issues on appeals.")). As the court has already established, Mr. Custable was not prejudiced by the fact that his trial court counsel raised no argument about the minimum sentence he faced because any error was harmless. For the same reason, he was not prejudiced by the fact that his appellate counsel also did not raise such an argument.

Mr. Custable has not established that he was prejudiced either by counsel's purported mistake regarding the maximum sentence that Mr. Custable faced, or the fact that his appellate counsel also did not raise the issue. Accordingly, Mr. Custable has failed to establish a claim of ineffective assistance of counsel, and his motion to set aside his conviction and sentence on the basis of ineffective assistance of counsel is denied.

STATEMENT

**CONCLUSION**

For the reasons given, Mr. Custable's motion to vacate, set aside, or correct his conviction and sentence is denied.  Pursuant to Rule 11of the Rules Governing § 2255 Proceedings, this court must also either issue or deny a certificate of appealability.  Under 28 U.S.C. § 2253(c), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  Mr. Custable has made no such showing and, therefore, the court declines to issue a certificate of appealability.

cpb

1.  For purposes of resolving Mr. Custable's motion, the court will assume that the maximum sentence for criminal contempt is life imprisonment, though the statute itself does not provide for a maximum and courts in other circuits have held that criminal contempt does not provide for a maximum sentence of life imprisonment.  *See, e.g., United States v. Cohn*, 586 F.3d 844, 848-49 (11th Cir. 2009).